**In re Millie M. ROSING, Debtor.**

**Truman JOHNSON, Plaintiff,**

v.

**Millie M. ROSING, Defendant.**

**Bankruptcy No. IP81–5204.**
**Adv. No. 82–318.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Aug. 31, 1983.

Christopher C. Zoeller, Indianapolis, Ind., for plaintiff.

Millie M. Rosing, Wilkinson, Ind., pro se.

### ENTRY

ROBERT L. BAYT, Bankruptcy Judge.

This matter came before the Court on August 23, 1983 for a hearing on the plaintiff's objection to the defendant's discharge in bankruptcy. The plaintiff appeared by counsel, Christopher S. Zoeller; the defendant's attorney, Pat Goodspeed, moved for and was granted permission to withdraw in the course of the hearing. The defendant then appeared *pro se.* The Court, having heard and considered the arguments advanced and the evidence submitted by the parties, now finds the following.

### Facts

Millie Rosing obtained a divorce from Robert Rosing on February 14, 1983 in the Henry County Circuit Court. As part of their property settlement, Section 15 of the dissolution decree provided for Mrs. Rosing to receive "farm equipment subject to all farm debts." This allotment included a Massey Ferguson combine which, accord-

ing to Section 7 of the decree, was subject to a $1,000.00 liability.

Soon thereafter, Mrs. Rosing received a telephone call from the Massey Ferguson Credit Corporation ("Massey Ferguson"). The corporation stated that it had a lien against the combine and was seeking repayment of the debt. Massey Ferguson did in fact have a valid lien against the equipment. At that time, however, Mrs. Rosing was unaware of any lien. The agreement giving Massey Ferguson an interest in the combine had been signed by Mr. Rosing alone. After being contacted by Massey Ferguson, Mrs. Rosing repeatedly requested the corporation to send her proof of the lien's existence. Six months elapsed and no proof of lien from Massey Ferguson was forthcoming.

During this six-month period, Mrs. Rosing decided to offer the Massey Ferguson combine for sale. She placed an advertisement in the *Trader* newspaper and two other newspapers of general circulation, and also displayed a "For Sale" sign on a farm equipment dealership lot alongside Highway U.S. 40 in Hancock County, Indiana. Both the advertisement and the sign asked $3,500.00 for the sale of the combine, and neither made mention of any possible lien.

Mrs. Rosing received a call from Truman Johnson, who had seen the sign posted alongside Highway U.S. 40. Mr. Johnson did not inquire about the existence of a lien on the combine, and Mrs. Rosing did not inform him of Massey Ferguson's contention. Mr. Johnson took no steps to determine whether the equipment was encumbered. For $3,000.00 Mr. Johnson purchased the combine from a farm equipment dealership which acted on Mrs. Rosing's behalf. Soon after, Mr. Johnson was informed that Massey Ferguson intended to take action to foreclose its lien on the combine.

## Discussion

■ The plaintiff argues that Mrs. Rosing's sale to him of the Massey Ferguson combine was fraud under Indiana law. For the Court to find this conveyance fraudulent, the plaintiff must prove that the defendant made a material, false representation of fact with knowledge or reckless ignorance of its falsity, and that the plaintiff relied on this representation to his detriment. *Blaising v. Mills*, 176 Ind.App. 141, 374 N.E.2d 1166, 99 A.L.R.3d 1238 (1978).

■ Clearly, Mrs. Rosing made no representation to Mr. Johnson as to the absence of a lien against the combine. It is true that a party may be guilty of fraudulent concealment where a duty to disclose exists and he fails to speak. *Rushville National Bank of Rushville v. State Life Insurance Co.*, 210 Ind. 492, 1 N.E.2d 445 (1936). Here, however, there was no such duty. At no time did Mr. Johnson inquire as to the possible existence of a lien, nor did he conduct any investigation to determine whether the combine was encumbered. It is well settled that fraud may not be predicated on failure to disclose facts where the truth is ascertainable by the exercise of reasonable diligence. *Stucco Cotton Duster Co. v. Comet Electric Company*, 95 Ind.App. 672, 180 N.E. 185 (1931).

A second bar to a finding of fraud is the plaintiff's failure to establish a fraudulent intent. At the time of the sale to Mr. Johnson, Mrs. Rosing was not certain of the existence of a valid lien on the combine. Although the dissolution decree listed the combine under farm related debts, there was no mention of any lien or lienholder. Moreover, when she was told by Massey Ferguson of its lien on the property, Mrs. Rosing dutifully requested proof of the lien and waited six months for that proof to arrive. Thus, Mrs. Rosing's behavior cannot be characterized as reckless.

This Court regrets that Mr. Johnson must bear the expense occasioned by Massey Ferguson's failure to timely offer proof of its lien. Nevertheless, in light of the facts, the Court can find neither the representation nor the mental state needed for an action in fraud.

Accordingly, the plaintiff's objection to the defendant's discharge is DENIED.